UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PATTY JELSMA, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:14-cv-351-TAV-CCS |
| ) | |
| KNOX COUNTY, TENNESSEE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, Standing Order 13-02, and the referral Order [Doc. 60] of the Chief District Judge.

Now before the Court are the following Motions:

(1) Motion in Limine of Defendant Bradley Cox or in the Alternative Motion to Dismiss Pursuant to Fed. R. Civ. P. 37(c)(1)(C) [Doc. 54];

(2) Defendant Knox County, Tennessee's Motion in Limine and/or Motion to Dismiss Pursuant to Rule 37(c)(1) [Doc. 57]; and

(3) Joint Motion for Extension of Time to File *Daubert* Motions to the Extent Necessary Pending the Court's Ruling on Motions in Limine or in the Alternative Motions to Dismiss Filed by Defendants Knox County and Bradley Cox [Doc. 64].

The Motions are now ripe and ready for adjudication. Accordingly, for the reasons more fully explained below, the Court **GRANTS IN PART AND DENIES IN PART** the Defendants' Motions in Limine [**Docs. 54 and 57**] and **DENIES AS MOOT** the Defendants' Joint Motion for an Extension [**Doc. 64**].

I. **BACKGROUND**

The Complaint [Doc. 1] in this case was filed on July 27, 2014. The Complaint alleges that on July 28, 2013, Plaintiff Patty Jelsma was visiting her mother's home when Defendant Officer Bradley Cox arrived at the residence in response to a call for service. [*Id.* at ¶¶ 5-6]. The Complaint states that Officer Cox began to interview Plaintiff Patty Jelsma and that she proceeded to record the interview on her mobile phone. [*Id.*]. The Complaint continues that without provocation, Defendant Cox grabbed Plaintiff Patty Jelsma, slammed her to the ground, and handcuffed her "in an excessive and forcible manner," causing permanent physical and emotional injuries. [*Id.* at ¶ 8]. The Complaint continues that Defendant Cox arrested Plaintiff Patty Jelsma without probable cause and charged her with domestic violence, assault, disorderly conduct, and resisting arrest. [*Id.* at ¶ 9]. The Complaint states that these charges were later dismissed. [*Id.* at ¶ 12]. The Complaint alleges that Defendant Cox violated 42 U.S.C. § 1983 for excessive use of force and false arrest in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. [*Id.* at ¶¶ 14, 19]. In addition, the Complaint alleges Defendant Cox engaged in reckless infliction of emotional distress and assault and battery. [*Id.* at ¶¶ 23, 26]. The Complaint also alleges that Defendant Knox County is liable under 42 U.S.C. § 1983. [*Id.* at ¶¶ 49-52].[1] Finally, the Complaint alleges that Plaintiff Shane Jelsma "has lost good [and] valuable services of his wife Patty Jelsma as a result of the actions and/or inactions" of the Defendants. [*Id.* at ¶ 59].

On July 6, 2016, the Chief District Judge [Doc. 41] dismissed Plaintiff Patty Jelsma's claim against Defendant Cox for false arrest, finding that he was entitled to qualified immunity. [Doc. 41 at 11]. The Court, however, declined to find that Officer Cox was entitled to qualified immunity

---

[1] The Complaint alleges a number of other claims against different individuals, but these claims were dismissed [Doc. 26] by the Chief District Judge.

for using excessive force. [*Id.* at 18]. In addition, the Court found that Defendant Knox County was not subject to municipal immunity from Plaintiffs' wrongful reinstatement claim under 42 U.S.C. § 1983. [*Id.* at 20]. Finally, the Court also declined to dismiss the Plaintiff Shane Jelsma's loss of consortium claim. [*Id.* at 22].

On July 6, 2016, the Plaintiffs filed their Witness List. [Doc. 42]. Relevant to the instant matter, the Plaintiffs named Dr. Don Brady as a witness. Later, on July 28, 2016, Defendant Cox appealed the Chief District Judge's Order to the Sixth Circuit. In addition, on July 28, the Defendants filed a Motion in Limine [Doc. 46] and a Motion to Strike [Doc. 47]. The Motions requested that the Plaintiffs be excluded from using Dr. Don Brady as a witness because the Plaintiffs failed to disclose his existence or testimony pursuant to the expert disclosure requirements. The Defendants also moved to strike the Plaintiffs' Witness List because the Plaintiffs failed to disclose witnesses in failing to respond to Interrogatories and the Witness List merely disclosed the witnesses' names without any other information, such as addresses, telephone numbers, and whether they were expected to be called as a witness or called if the need arises. The Defendants also argued that with respect to Kathy Stalnaker, the Plaintiffs failed to identify specific portions of the deposition testimony that the Plaintiffs propose to introduce.

On August 1, 2016, the Chief District Judge stayed the case [Doc. 48] pending resolution of Defendant Cox's appeal to the Sixth Circuit. The Chief District Judge also denied the pending Motions [Docs. 46 and 47] with leave to refile upon the stay being lifted. Subsequently, on January 20, 2017, the Sixth Circuit affirmed the Chief District Judge's decision [Doc. 52], and the mandate issued on February 15, 2017 [Doc. 52]. Later, on February 23, 2017, the Chief District Judge lifted the stay and set the case for trial on July 24, 2017. [Doc. 59].

## II.     POSITIONS OF THE PARTIES

### A.     Motions in Limine

Defendant Cox's Motion [Doc. 54] requests an order prohibiting the Plaintiffs from offering testimony, evidence, or argument that is contrary to the admissions previously made by the Plaintiffs regarding the extent of the Plaintiffs' alleged physical or emotional injuries or any other matter requiring expert testimony or that the force used against Plaintiff Patty Jelsma during the arrest was used without provocation. In the alternative, Defendant Cox moves to dismiss this action pursuant to Federal Rule of Civil Procedure 37(c)(1)(C). For grounds, Defendant Cox states that on March 4, 2016, Defendant Knox County served the Plaintiffs with written discovery consisting of fifty-three (53) requests for admissions, along with interrogatories and requests for production of documents, but the Plaintiffs have never responded to these discovery requests. Further, Defendant Cox argues that pursuant to the Scheduling Order in this case, the Plaintiffs were required to make expert disclosures on or before April 15, 2016, but that the Plaintiffs have not made any expert disclosures that comply with Federal Rule of Civil Procedure 26(a)(2). Finally, Defendant Cox argues that Plaintiff Jelsma offered an affidavit in response to his Motion for Summary Judgment that was inconsistent with her deposition testimony.

Defendant Knox County has also filed a Motion in Limine [Doc. 57]. In Defendant Knox County's Motion, it adopts and incorporates Defendant Cox's Motion and its previous motions [Docs. 46 and 47] that were filed before the case was stayed. Specifically, Defendant Knox County requests that the Court not allow the following: (1) the testimony of Dr. Don Brady; (2) evidence at trial regarding Plaintiffs' serious bodily injury, permanent injury, loss of enjoyment of life, pain and suffering, and medical expenses sought; and (3) witnesses Nicholas Woods, Sherri Johnson, and Kathy Stalnaker to testify at trial. For grounds, Defendant Knox County asserts that the

Witness List does not comply with the Scheduling Order, nor does it comply with Rule 26(a)(3)(A)(i) and (ii). In addition, Defendant Knox County argues that Plaintiffs never disclosed expert witnesses or medical evidence prior to the Court's deadline, nor did they submit an expert report. Finally, Defendant Knox County asserts that the Plaintiffs did not disclose any witnesses by failing to respond to Interrogatories.

The Plaintiffs filed a Response [Doc. 61], stating that the parties, on numerous occasions, have cooperated with regard to discovery, trial settings, and deadlines. The Plaintiffs state that during the deposition of Plaintiff Patty Jelsma, the attorneys discussed written discovery and that once completed, the discovery responses would be forwarded. Further, the Plaintiffs state that during the deposition, Plaintiff Patty Jelsma testified at length regarding her injuries and her treatment by Dr. Brady. The Plaintiffs state that during the appeal, the written discovery and Dr. Brady's report were inadvertently not provided, but they have now been provided to the Defendants. The Plaintiffs state that the omission is harmless and not deliberate. The Plaintiffs argue that the Defendants knew of Dr. Brady's identity on June 17, 2016, and that Dr. Brady's deposition can be accomplished without disrupting the trial date. Further, the Plaintiffs argue that this is the first objection voiced by the Defendants.

Defendant Knox County filed a Reply [Doc. 62] asserting that the Plaintiffs disclosed their expert testimony after the Defendants' deadlines to (1) obtain and disclose evidence to contradict or rebut Dr. Brady, (2) take Dr. Brady's deposition, (3) obtain and depose Defendants' expert witnesses, and (4) file *Daubert* motions.[2] Defendant Knox County states that to assert that the failure to disclose Dr. Brady as a witness is harmless is disingenuous. It argues that Dr. Brady's

---

[2] Defendant Knox County states that the deadline to file *Daubert* motions was June 14, 2016. *See* [Doc. 62 at 2]. Later, in the Joint Motion, the Defendants assert that the deadline to file *Daubert* motions is on April 25, 2017. *See* [Doc. 64 at 3].

Expert Report is dated March 2017 and that the Defendants do not have the opportunity to hire a countervailing expert or to take Dr. Brady's deposition.

Defendant Cox also filed a Reply [Doc. 63] arguing that the Plaintiffs' failure to comply with their mandatory disclosure obligations is not substantially justified or harmless. Defendant Cox states that Plaintiffs rely on the disclosure made during Plaintiff Patty Jelsma's deposition, but that her deposition was taken on the last day designated for discovery as set forth by prior Court Orders. Defendant Cox states that the Plaintiffs have not provided their initial disclosures. Further, Defendant Cox states that this is not his first objection to the late discovery and that this failure was brought to the Plaintiffs' attention on July 28, 2016, through his initial efforts to foreclose Plaintiffs from using expert testimony. Finally, Defendant Cox states that insomuch as Plaintiffs' service of responses to Defendant Knox County's Requests for Admission on March 9, 2017, may be construed as a motion to withdraw or amend the admissions, the motion should be denied.

### B. Extension of Time to File *Daubert* Motions

The Defendants request an extension of time to file *Daubert* motions to the extent necessary pending the Court's ruling on the above motions. For grounds, the Defendants assert that the deadline for filing *Daubert* motions is on April 25, 2017. The Defendants assert that Plaintiffs untimely submitted a report on March 9, 2017, from Plaintiff Patty Jelsma's treating psychologist.

## III. ANALYSIS

The Defendants request that the Court preclude the Plaintiffs from offering testimony, evidence or argument (1) contrary to admissions previously made by the Plaintiffs; (2) regarding the extent of the Plaintiffs' alleged physical or emotional injuries or any matter requiring

6

presentation of expert testimony; and (3) that the use of force against Plaintiff Patty Jelsma was without provocation. In addition, the Defendants request that the Court not allow Plaintiffs' witnesses, Dr. Brady, Nicholas Woods, Sherri Johnson, and Kathy Stalnaker, to testify. Both Defendants request that in the alternative, the Court dismiss this action. The Court will address each request separately.

### A.  Requests for Admission

The Defendants aver that on March 31, 2016, Defendant Knox County sent the Plaintiffs Requests for Admission.[3] The Defendants assert that Rule 36 is self-executing to the extent that the failure to timely respond to the requests results in automatic admissions. The Defendants request that the Court enter an order deeming the matters set forth in the Requests for Admission admitted and further providing that the Plaintiffs are prohibited, pursuant to Rule 403 of the Federal Rules of Evidence, from offering testimony, evidence, or argument, and from eliciting testimony or evidence at trial that is contrary to Plaintiffs' admissions.

The Plaintiffs respond that written discovery was inadvertently not provided and that the failure to respond was harmless. The Plaintiffs state that the responses to the Requests for Admission are consistent with Plaintiff Patty Jelsma's deposition testimony and that this is the first objection voiced by the Defendants. The Plaintiffs also cite to section 3(j) of the Scheduling Order, presumably to argue that Defendants did not follow the procedure outlined in the Scheduling Order with respect to discovery disputes.

Federal Rule of Civil Procedure 36(a)(3) provides as follows:

> **(3) *Time to Respond; Effect of Not Responding.*** A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written

---

[3] The Defendants originally stated that the Requests for Admission were served on March 4, 2016. [Doc. 55 at 3]. They later clarified that the Requests for Admission were served on March 31, 2016, and therefore, were not due until May 3, 2016. [Doc. 63 at 6, n. 4].

7

> answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Under Rule 36(b), a request for admissions that is not responded to within the applicable time period "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing Fed. R. Civ. P. 36(b)); *but see U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted") (citing *Gutting v. Falstaff Brewing Corp.,* 710 F.2d 1309, 1312 (8th Cir. 1983)).

In the instant matter, the Defendants assert that the Requests for Admission were served on March 31, 2016, and that that responses were due on May 3, 2016. The Plaintiffs have not disputed this statement. Because the Plaintiffs did not respond within thirty days, the Requests for Admission are deemed to be admitted. *See* Fed. R. Civ. P. 36(a)(3); *see also Brady v. Stone*, No. 08-13463, 2010 WL 2870208, at *12 (E.D. Mich. July 21, 2010) ("As Plaintiff has failed to answer or object to Defendants' requests for admission, the Court will deem the matters within the requests admitted pursuant to Rule 36.").

The Plaintiffs assert that written discovery has now been provided. In their Response, the Plaintiffs mention that Plaintiff Patty Jelsma's deposition testimony is consistent with her answers to the Requests for Admission. The Defendants assert that should Plaintiffs' service of their responses on March 9, 2017, be construed as a motion to withdraw or amend the admissions, the motion should be denied.

Rule 36(b) provides as follows:

> **(b) Effect of an Admission; Withdrawing or Amending It.** A matter admitted under this rule is conclusively established unless the

> court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

Fed. R. Civ. P. 36(b); *see also Vangel v. Szopko*, No. 12-15312, 2013 WL 5775463, at *5 (E.D. Mich. Oct. 25, 2013) (explaining that Rule 36(b) permits withdrawal when the presentation of the merits will be subserved thereby and when the party who obtained the admission fails to establish that withdrawal will result in prejudice).

With respect to the first prong (*i.e.,* presentation of the merits), "the movant has the burden to show that upholding the admission would practically eliminate any presentation on the merits of the case." *Lanton v. Ocwen Loan Servicing, LLC*, No. 3:15-CV-372, 2017 WL 1386375, at *2 (S.D. Ohio Apr. 17, 2017) (other citations omitted). With respect to prejudice, the non-movant must show that it would be prejudiced by withdrawal or amendment. *Id.* Courts have further explained that prejudice "is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth." *Id.* (citing *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Instead, prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Id.* (citing *Kerry Steel*, *Inc.,* 106 F.3d at 154) (other citations omitted). Finally, a "district court has considerable discretion over whether to permit withdrawal or amendment of admissions." *Kerry Steel, Inc.,* 106 F.3d at 154 (quoting *American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1119 (5th Cir. 1991)).

Here, the Court notes that the Plaintiffs have not requested that the admissions be withdrawn, although they state that written discovery was provided and that the responses to

Requests for Admission were consistent with Plaintiff Patty Jelsma's deposition testimony. *See U.S. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that "a withdrawal 'may be imputed from a party's actions,' including the filing of a belated denial") (citing *Chancellor v. City of Detroit,* 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006)); [4] *Kerry Steel, Inc.,* 106 F.3d at 154 (explaining that the defendant did not file a formal motion to withdraw but argued at a hearing that the requests for admission should not be deemed admitted, and the court construed the defendant's argument as an oral motion); and *Baker v. Cty. of Missaukee*, No. 1:09-CV-1059, 2013 WL 5786899, at *9 (W.D. Mich. Oct. 28, 2013) (noting that the defendants did not file a motion to withdraw their admissions although they provided the responses eight days after the responses were due).

Further, the Court notes that neither party analyzes how allowing withdrawal of the deemed admissions will affect the presentation of the merits, although a review of the Requests for Admission indicates that admissions could possibly eliminate the presentation of the merits. *See* [Doc. 62-6]. With respect to prejudice, the Defendants assert, "Officer Cox will unquestionability be prejudiced by the sudden need for evidence to establish certain matters set forth in the requests for admission under circumstances where the discovery deadline has long since expired." [Doc. 63 at 7].

The Court has considered the parties' positions, or lack thereof, and finds that the admissions will not be withdrawn. As noted above, the Plaintiffs do not request that they be withdrawn. The Court finds this case similar to the circumstances in *Goodson v. Brennan*, No. 16-5023, 2017 WL 1857270 (6th Cir. May 8, 2017). In *Goodson*, the defendant sent requests for admission on June 7, 2014. *Id.* at *2. The plaintiff never responded. *Id.* Over a year later, the

---

[4] The Court notes that in *Petroff-Kline*, the plaintiff sent the responses 33 days after the requests were served—three days beyond the 30 day timetable prescribed in Rule 36. *Petroff-Kline*, 557 F.3d at 293.

defendant moved for summary judgment arguing that the court should deem admitted all of the statements in its requests for admissions. *Id.* The plaintiff argued that she emailed her responses in August 2014 and that she was unaware that these answers were never received by the defendant. *Id.* Her only support for the assertion was an attached unsigned and undated copy of the allegedly dispatched response. *Id.* The plaintiff never moved for any kind of relief, such as seeking to withdraw or amend her admissions. *Id.* The district court granted summary judgment in favor of the defendant, ruling that plaintiff's admissions barred her claims. *Id.* The plaintiff appealed. *Id.*

The Sixth Circuit affirmed the district court's decision. *Id.* The Court reasoned, "[B]y operation of law, '[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.'" *Id.* (citing Fed. R. Civ. P. 36(a)(3)) (emphasis in *Goodsen*). The Court continued, "Thus, by never responding to [d]efendant's RFAs, or filing a motion for relief, [p]laintiff admitted and conclusively established as fact all statements therein." *Id.* Further, the Court stated that even if the plaintiff had sent her responses, they would have still been untimely, which triggered admission by operation of law. *Id.* Finally, the Court dismissed plaintiff's argument that the district court should have exercised its discretion under Rule 36(b) to permit her to file untimely responses. *Id.* The Court explained as follows:

> Rule 36(b) gives the district court discretion *if* a party moves the district court. *See* Fed. R. Civ. P. 36(b) ("A matter admitted under this rule is conclusively established unless the court, *on motion*, permits withdrawal or amendment of the admission.") (emphasis added). Plaintiffs did not make any motion for relief on this matter. Plaintiff does not contest this. However, Plaintiff appears to suggest that this discretion ought to be exercised *sua sponte* where the requesting party will not be prejudiced by the delayed response. . . . Plaintiff cites no authority for this proposition, however, and such an interpretation contravenes the plain language of Rule 36. Consequently, the district court did not err, and we affirm.

*Id.* at *3.

Similarly, in the instant matter, the Plaintiffs have not requested that the admissions be withdrawn and vaguely assert in their Response that written discovery has now been provided and that the responses to the Requests for Admission are consistent with Plaintiff Patty Jelsma's deposition testimony. However, the responses were almost a year late. The Court cannot approve of such discovery abuses as such approval would eviscerate Rule 36. The Court declines to withdraw the admissions.

**B.      Expert Testimony**

The Defendants request that the Plaintiffs not be permitted to use Dr. Brady to testify at trial. The Defendants assert that the Plaintiffs were required to disclose their expert testimony on or before April 15, 2016, and failed to do so. Further, the Defendants assert that the Plaintiffs served an incomplete expert report on March 9, 2017. The Plaintiffs argue that Plaintiff Patty Jelsma testified at length regarding her injuries and her treatment by Dr. Brady. The Plaintiffs assert that Dr. Brady's report was inadvertently not provided to Defendants.

The Court finds the Defendants' argument well-taken. Pursuant to the Scheduling Order in this case, expert disclosures were due on April 15, 2016. *See also* Fed. R. Civ. P. 26(a)(2)(A) (explaining that a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705). The Plaintiffs did not disclose any experts by the deadline, nor did they request an extension to do so.

Federal Rule Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Courts have explained, "Federal Rule of Civil Procedure

37(c)(1) requires absolute compliance with Rule 26(a); that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified.'" *Hunt v. Hadden*, 127 F. Supp. 3d 780, 789 (E.D. Mich. 2015), *aff'd,* 665 F. App'x 435 (6th Cir. 2016) (quoting *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)) (other citations omitted). Further, courts have explained that "exclusion of expert testimony is the 'standard sanction' for a violation of Rule 26." *Id.* (citing *Samos Imex Corp. v. Nextel Communications, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999)). The burden is on the potentially sanctioned party to prove harmlessness. *Id.* (citing *Roberts ex rel. Johnson,* 325 F.3d at 782).

The Court finds that the Plaintiffs have not shown harmlessness. The Plaintiffs explain that Dr. Brady's identity was disclosed on June 17, 2016, and the trial is July 24, 2017. However, the Court notes that Dr. Brady's identity was disclosed on the last day for discovery. Further, the Defendants only learned of Dr. Brady through Plaintiff Patty Jelsma's deposition. The Plaintiffs did not provide an expert report until March 9, 2017. Allowing the Plaintiffs to submit such an untimely disclosure would unfairly prejudice the Defendants' preparation for trial. The Defendants would need to obtain a rebuttal witness and the parties would need to proceed with expert discovery, both of which the deadlines have passed.[5] This would all need to occur before the July 24, 2017 trial. Accordingly, the Court will not permit Dr. Brady to testify.

Further, the Court notes that the expert report that was eventually provided is wholly insufficient. Federal Rule of Civil Procedure 26(a)(2)(B) provides, in relevant part, that expert witness disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony."

---

[5] The Court notes that Dr. Brady is a licensed psychologist in Missouri, which likely means that the parties would have to travel for his deposition.

Generally, "a treating physician is not required to submit an expert report or disclosure under Rule 26(a)(2)(B) because a treating physician is not 'retained or specially employed to provide expert testimony in the case.'" *Taylor v. U.S.,* No. 2:04-cv-128, 2005 WL 5984597, at *1 (E.D. Tenn. Nov. 23, 2005) (quoting Rule 26(a)(2)(B)). Rule 26(a)(2)(C), however, still requires summary disclosures of the facts and opinions to be offered by such expert witnesses even if they are not required to provide the detailed reports under Rule 26(a)(2)(B).

Specifically, Rule 26(a)(2)(C) states:

> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Subsection (C) "appears to speak directly to experts, such as treating physicians, whose testimony often blurs the line between fact and opinion." *Call v. City of Riverside*, No. 3:13-cv-133, 2014 WL 2048194, at *3 (S.D. Ohio May 19, 2014) (quoting *Coleman v. Am. Family Mut. Ins. Co.*, 274 F.R.S. 641, 645 (N.D. Ind. 2011)). Thus, while treating physicians are not required to provide an expert report pursuant to Rule 26(a)(2)(B), the party offering the treating physician's opinion must provide the disclosures outlined in Rule 26(a)(2)(C).

In the present matter, the Court finds Dr. Brady's expert report deficient. The Plaintiffs provided the Affidavit of Dr. Brady to the Defendants, which states, "My written report and opinions are given based upon my[] personal interviews[,] clinical notes and medical records maintain[ed] throughout her course of treatment." [Doc. 62-3 at ¶ 4]. However, the Plaintiffs did not provide "a summary of facts and opinions to which the witness is expected to testify." *See*

Rule 26(a)(2)(C)(ii). Instead, the Plaintiffs submitted a few treatment notes from Dr. Brady. Accordingly, the Court finds the Plaintiffs' disclosure of Dr. Brady untimely and insufficient, and therefore, Dr. Brady's testimony is excluded.

### C. Witness List

The Defendants move to strike the names on the Plaintiffs' Witness List and exclude their testimony, except for the Plaintiffs' own testimony, because they failed to respond to the Interrogatories and the Witness List merely names the witnesses without providing the additional information pursuant to the Scheduling Order. Specifically, the Defendants assert that the Plaintiffs did not provide Nicholas Woods's or Sherri Johnson's telephone number or address and failed to identify if they were expected to be called or called if the need arises. Further, the Defendants assert that with respect to Kathy Stalnaker, the Plaintiffs did not identify specific portions of the deposition testimony. The Plaintiffs assert that written discovery has been provided but do not specifically mention the Witness List.

The Scheduling Order [Doc. 19] in this case states that the parties shall file a final witness list covering the information specified in Rule 26(a)(3). Rule 26(a)(3) provides as follows:

> **(A)** *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the evidence that it may present at trial other than solely for impeachment:
>
> **(i)** the name and, if not previously provided, the address and telephone number of each witness--separately identifying those the party expects to present and those it may call if the need arises;
>
> **(ii)** the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

> **(iii)** an identification of each document or other exhibit, including summaries of other evidence--separately identifying those items the party expects to offer and those it may offer if the need arises.

As noted above, Federal Rule Civil Procedure 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Further, courts explain that the "party accused of failing to comply with Rule 26 has the burden to prove its failure to disclose or supplement was substantially justified or harmless." *Thomas v. McDowell*, No. 2:10-CV-152, 2014 WL 5305501, at *2 (S.D. Ohio Oct. 15, 2014) (citing *Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)).

In the Plaintiffs' Response, they argued that they have provided written discovery and Dr. Brady's report and that the failure to provide the discovery and report was harmless. Although it is their burden to establish that the deficiencies were substantially justified or harmless, the Plaintiffs do not discuss or explain the deficiencies in the Witness List. *See generally* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). Further, the Court notes that such deficiencies were brought to the Plaintiffs' attention on July 28, 2016, when Defendants filed their Motion to Strike. Finally, the Court notes that the Plaintiffs' responses to the Interrogatories, that were eventually provided to the Defendants, are still incomplete as the Plaintiffs do not list any witnesses that have knowledge of the allegations made in the Complaint. [Doc. 62-6 at ¶ 8]. Accordingly, the Court finds that, at this time, the

witnesses, except for the Plaintiffs, on the Plaintiffs' Witness List [Doc. 42] filed on July 6, 2016, cannot testify at trial.[6]

### D. Plaintiff Patty Jelsma's Testimony

The Defendants assert that they moved for summary judgment on April 15, 2016, and that in response to their motion, Plaintiff Patty Jelsma filed an affidavit testifying that Deputy Cox grabbed her without provocation. The Defendants assert that to the extent Plaintiff Patty Jelsma offers testimony at trial that is consistent with her affidavit, such testimony should be excluded because it is inconsistent with her deposition testimony. The Defendants argue that during her deposition, she acknowledged that she did not promptly comply with Defendant Cox's orders. The Defendants cite *Trustee of Plumbers and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford*, 573 F. Supp. 2d 1023 (E.D. Tenn. 2008) in support of their argument and state that "no reasonable juror could find that Officer Cox resorted to the use of force 'without provocation' as Mrs. Jelsma previously asserted in her affidavit." [Doc. 55 at 8].

Despite the Plaintiffs' lack of response on this issue, the Court finds the Defendants' request not well-taken. The Defendants acknowledge that *Crawford* was decided in context of a summary judgment motion and the court was analyzing whether the defendants attempted to create a sham issue of genuine material fact. *Crawford*, 573 F. Supp. 2d at 1035. Here, the parties are beyond the summary judgment stage, and the Defendants can present the alleged inconsistent testimony to the jury.

---

[6] The Court notes that the Defendants recently filed their Final Witness Lists [Docs. 76 and 77]. The Court does not opine on whether the Plaintiffs may file another Final Witness List and whether such filing would be timely.

### E. Extension of Time to File *Daubert* Motions

As explained above, the Defendants request an extension of time to file *Daubert* motions to the extent necessary pending the Court's ruling on the above motions. For grounds, the Defendants assert that the deadline for filing *Daubert* motions is on April 25, 2017. The Defendants assert that the Plaintiffs untimely submitted a report on March 9, 2017, from Plaintiff Patty Jelsma's treating psychologist.

Accordingly, because the Court has excluded Dr. Brady, the Court finds Defendants' Motion to be **MOOT**.

## IV. CONCLUSION

As a final matter, the Defendants have requested that the Court dismiss this matter in the alternative. The Court declines such a request. Accordingly, the Court finds as follows:

(1) Motion in Limine of Defendant Bradley Cox or in the Alternative Motion to Dismiss Pursuant to Fed. R. P. 37(c)(1)(C) [**Doc. 54**] is **GRANTED IN PART AND DENIED IN PART**;

(2) Defendant Knox County, Tennessee's Motion in Limine and/or Motion to Dismiss Pursuant to Rule 37(c)(1) [**Doc. 57**] is **GRANTED IN PART AND DENIED IN PART**; and

(3) Joint Motion for Extension of Time to File *Daubert* Motions to the Extent Necessary Pending the Court's Ruling on Motions in Limine or in the Alternative Motions to Dismiss Filed by Defendants Knox County and Bradley Cox [**Doc. 64**] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge